

April 18, 2025

**VIA ECF**
Hon. Nusrat J. Choudhury
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 1060

   Re: <u>Etienne v. Locust Valley High School, et al.; Docket No.: 25 CV 724 (NJC)(SIL)</u>

Dear Judge Choudhury:

  We represent defendants, Locust Valley High School,[1] Locust Valley Central School District, Danielle Turner and Kristen Turnow (collectively referred to as "the District defendants"), in the captioned matter. We write, pursuant to your Honor's Individual Rule 5.1, to request a pre-motion conference with respect to a Rule 12(b) motion to dismiss the Complaint.[2]

  This matter arises out of a physical altercation between the adult plaintiffs and the adult co-defendants, Kimberly Gotti and Gianna Gotti,, who were spectators during a high school boys basketball game on February 8, 2024 at Locust Valley High School. The plaintiffs have alleged causes of action pursuant to 42 U.S.C. § 1983 (14th Amendment Due Process, 4th Amendment search, a *Monell* claim, failure to supervise and failure to intervene), 42 U.S.C. § 1981, 42 U.S.C. § 1985 (conspiracy), and state law claims for negligence/negligent infliction of emotional distress, Civil Rights Law § 40 and Human Rights Law § 296.

  1. <u>**§ 1983 Fourteenth Amendment Due Process Cause of Action**</u>

  The first cause of action alleges a Fourteenth Amendment substantive due process cause of action against the District defendants. The law is clear, however, that an alleged failure to protect adults is not a viable claim under the 14th Amendment. The Second Circuit has emphasized that "[o]nly an affirmative act can amount to a violation of substantive due process, because Due Process is phrased as a limitation of the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007)(internal quotation marks omitted). Moreover, state action resulting in bodily harm is not a substantive due process violation unless the state "action was so 'egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005). Thus, it is insufficient to allege that a state actor failed to protect an individual, even from a known danger of bodily harm or failed to warn that individual of such danger. *See*

---

[1] The Complaint names "Locust Valley High School" as a defendant. Courts have routinely held that a particular school building is "not a legal entity capable of being sued." *Schafer v. Hicksville Union Free School District,* 2011 WL 1322903, at *1 n.1 (E.D.N.Y. 2011). We will move to dismiss Locust Valley High School.

[2] We contacted the plaintiffs' counsel by email on April 8, 2025 to advise that we would be filing a pre-motion letter and to request a time to meet and confer regarding this motion, but the plaintiff's counsel has not responded to our request. In addition, in compliance with Rule 5.1, we advise the Court that we have not participated in a mediation or settlement conference.

*Collins v. City of Harker Heights*, 503 U.S. 115, 125–29, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)(holding that there was no due process violation where plaintiff alleged that the city failed to properly train or warn its employees of known dangers that resulted in sanitation worker's asphyxiation). This includes dangers arising from private parties. As the Supreme Court explained in *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the purpose of the Due Process Clause of the Fourteenth Amendment "was to protect the people from the State, not to ensure that the State protected them from each other."

2. *Monell* **Claim, Failure to Supervise and Failure to Train**

The second cause of action makes a conclusory *Monell* cause of action against the District based on a purported "equal protection" claim without any supporting facts that demonstrate any equal protection violations. The Complaint is devoid of any alleged facts that would purportedly demonstrate a policy or practice of allowing any equal protection violations.

Under *Monell*, a municipality can be held liable for violations of Section 1983 if a deprivation of the plaintiff's rights is caused by a governmental custom, policy, or usage of the municipality. *See Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978); *Miehle-Kellogg v. Doe* 2023 WL 2632452, at *8 (E.D.N.Y. 2023). Here, the Monell claim can be dismissed because there are no plausible allegations of an underlying constitutional violation. *See Curcio v. Roosevelt Union Free School Dist.,* 2012 WL 3646935, at *18 (E.D.N.Y. 2012) ("It is well-settled that a municipality may not be held liable where there is no underlying constitutional violation by a municipal official")(internal quotation marks and citation omitted).

Furthermore, the Complaint fails to plausibly allege that the conduct at issue was part of a persistent or widespread discriminatory practice or amounted to anything other than a single incident of alleged unconstitutional activity, which is insufficient under *Monell. See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Porath v. City of New York*, C, 2023 WL 9197680, at *13 (S.D.N.Y. 2023); *Turner v. Correct Care Sols.*, 2019 WL 1115857, at *13 (S.D.N.Y. 2019)(granting motion to dismiss *Monell* claim, advising that "to adequately plead a policy or custom under *Monell*, plaintiff must plausibly allege similar incidents involving others.").

Similarly, with respect to the failure to supervise and failure to train claims, the plaintiff must show "that a policymaking official had notice of a potentially serious problem of unconstitutional conduct" demonstrating "that the need for corrective action was 'obvious' and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction." *McCart v. Village of Mt. Morris*, 2011 WL 3421505, at *6 (W.D.N.Y. 2011). *Kiss v. Torres*, 2024 WL 1210941, at *24 (S.D.N.Y. 2024). On a motion to dismiss a failure to supervise claim against a municipality under § 1983, based on the



existence of the requisite municipal policy giving rise to the alleged failure to supervise municipal employees, "mere allegations of a municipal custom or practice of tolerating official misconduct [by failing to supervise such employees] are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Triano v. Town of Harrison*, N.Y., 895 F.Supp.2d 526, 535 (S.D.N.Y. 2012); *Flannery v. Cnty. of Niagara*, 2025 WL 659389, at *28 (W.D.N.Y. 2025)

### 3. 42 U.S.C. § 1981 Cause of Action

The complaint also alleges a claim under 42 U.S.C § 1981. Section 1981 claims, however, must be predicated upon allegations of discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment. *See Smith v. Sav. Bank of Rockland County*, 1992 WL 350743, at *7 (S.D.N.Y. Nov. 16, 1992)*; Simpson ex rel. Simpson v. Uniondale Union Free School Dist.,* 702 F.Supp.2d 122, 130 (E.D.N.Y. 2010)("Section 1981, in particular, was aimed at protecting the individual's right to be free from discrimination in making and enforcing contracts."). Here, the claims have nothing to do with employment, or any other contractual relationship and there is actionable § 1981 claim.

### 4. § 1983 Fourth Amendment Search Cause of Action

The Complaint alleges a vague, Fourth Amendment search claim, but does not contain any supporting facts including the date of the alleged search, who conducted the search and the circumstances surrounding the search. In determining whether a school official's search of a student is reasonable, "courts apply a twofold inquiry: first, whether the action was justified at its inception; second, whether the search as actually conducted was reasonable related in scope to the circumstances which justified the interference in the first place." *Faber v. Monticello Cent. Sch. Dist.*, 2013 WL 2450057, at *3 (S.D.N.Y. June 6, 2013). Without any alleged supporting facts regarding the search, this claim is not plausible.

### 5. 42 U.S.C. § 1985 (Conspiracy) Cause of Action

A claim of a § 1985 conspiracy must be supported by more than conclusory or vague allegations and "must contain specific factual allegations." *Elmasri v. England*, 111 F.Supp.2d 212, 218 (E.D.N.Y.2000). There are no such specific factual allegations here. Furthermore, because the plaintiffs have not plausibly alleged an underlying constitutional violation, the § 1985 conspiracy claim should be dismissed. *Thomas v. Genova*, 698 F. Supp. 3d 493, 523, 2023 WL 6385800 (E.D.N.Y. 2023).

### 6. Notice of Claim Issue

Finally, the Notice of Claim in this case was filed only on behalf of the parent-plaintiffs and any state law claims asserted by S.S. should be dismissed. In addition, the Human Rights Law and Civil Rights Law claims were not alleged in the Notice of Claim, nor were Ms. Turner or Dr. Turnow identified in the Notice of Claim as required by Education Law § 3813.



Respectfully submitted,

**SILVERMAN & ASSOCIATES**

Lewis R. Silverman

LRS/hj

cc: **Via ECF**

All Counsel of Record