# Patrick C. Carroll, Esq.
## COUNSELOR AT LAW

<u>Via ECF Only</u>  July 18, 2025
District Judge Nusrat J. Choudhury
Eastern District Federal Court
100 Federal Plaza
Central Islip, NY 11722

Re: <u>Etienne v. Locust Valley, Kimbery Gotti and Gianna Gotti</u>
25 CV 724 (NJC)(SIL)

Dear Judge Choudhury:

Your undersigned is co-counsel with attorney Gerard Marrone with respect to Defendants Kimblery and Gianna Gotti in the above captioned action. We write for one purpose:

a. To request a pre-motion conference for permission to file a Rule 12 motion against and for dismissal of the Amended Complaint; and

The subject incident in the Complaint arose when the Plaintiff herein physically assaulted Kimberly Gotti during the final quarter of a post-season high school boys basketball game being held at Locust Valley High School. These parties were spectators at the game. Neither Defendant was employed by, under contract with, volunteering for any State or governmental entity, nor were they state actors. No Gotti Defendant was operating under color of law. Plaintiffs have no federal claim. The incident in question was filmed by the High School's videographer who was covering the basketball game. The Plaintiff's unhinged attack on the Defendants and Plaintiff's ranting and repeated attempts to physical engage and re-engage with the Defendants and other persons present at the basketball game after its conclusion is caught on responding police officer body-cameras. It is of note that the racial epithets claimed by Plaintiff as having been used towards her and towards her son were never uttered by the Defendants (if they were ever uttered at all by anyone) and in fact, the claimed epithets were not mentioned by the Plaintiff in her first supporting deposition to Nassau First District Criminal Court nor are they stated to responding police officers in extensive body camera footage. This lawsuit should never have been brought.

<u>With respect to the 'Locust Valley School District' Defendants request for a Pre-Motion conference for permission to commence Rule 12 motion practice:</u> Notwithstanding any factual disagreements which exist or may arise between the Defendants – we concur that no federal claim

has been alleged and that no federal claim could be alleged under any fair reading of the four corners of the complaint and the complaint ought be dismissed.

With respect to the overall format of the Complaint as plead against the Kimblery and Gianna:

To the extent that any federal claim under 42 USC 1981 and/or 43 USC 1985 is plead against the is these Defendants – then in such Case Count 'Two' being a 'Monell' claim cannot lie as these Defendants were not acting under state law, nor training state actors, or otherwise 'encouraging an un-constitutional pattern or practice' of official conduct at the subject High School. For the same reasoning Count 'Three' for 'failing to supervise' and Count '4' for 'failing to intervene' would similarly fail against Kimberly and Gianna.

Count 'Five' under 42 USC 1981 specifically mentions our clients but section 1981 cannot apply as the subject matter of this lawsuit does not concern 'contracts' or the rights of any person arising under a contractual relationship. Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). This includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* at 475 (quoting § 1981(b)). To state a claim of discrimination under § 1981 in this context, a plaintiff must show: (1) membership in a racial minority; (2) intentional discrimination on the basis of race; and (3) "discrimination concerning ... the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (quotations and citation omitted). Clearly 42 USC 1981 does not apply to Kimblery or Gianna.

Count 'Eight' under 42 USC 1985 similarly has not been plead specifically to any Defendant. To state a cause of action under 42 USC 1985 the Plaintiff must allege: A conspiracy; For the purpose of depriving a person or class of persons of the equal protection of the laws or the equal privileges and immunities under the laws; An overt act in furtherance of the conspiracy; an injury to the plaintiff's person or property; or a deprivation of a right or privilege of a citizen of the United States. (Chance v. Reed, 538 F.Supp.2d 500 (2008))[4]. No conspiracy has been alleged against Kimberly or Gianna nor could one be deduced from the four corners of the Complaint. Therefore no cause of action can here lie.

Furthermore, the remaining claims for negligent infliction of emotion distress, assault and battery, violations of New York State Human Rights Law 296 and New York Civil Rights Law 40 are all state law claims and, in any event, were not violated from the outset and do not form a basis for any federal claim.

The parties thank the Court for its consideration of this matter.

>Very Truly Yours,
>/s/ *Patrick C. Carroll, Esq.*
>
>Patrick C. Carroll, Esq.