# Patrick C. Carroll, Esq.
COUNSELOR AT LAW

<u>Via ECF Only</u>　　　　　　　　　　　　　　　　　　　　　　　September 5, 2025
District Judge Nusrat J. Choudhury
Eastern District Federal Court
100 Federal Plaza
Central Islip, NY 11722

　　　　　　　　　Re: <u>Etienne v. Locust Valley, Kimbery Gotti and Gianna Gotti</u>
　　　　　　　　　　　　25 CV 724 (NJC)(SIL)

Dear Judge Choudhury:

　　　Your undersigned files this correspondence with respect to and in furtherance of the Defendants Rule 12(b)(6) Pre-Motion Conference' as conducted by the Court on August 29, 2025:

1. With respect to the sufficiency of the Complaint as to the Section 1981 Claim:   we withdraw the 12(b)(6) request to dismiss the Section 1981 Claim as it is being pursued under an "equal benefits" theory under the 2nd Circuit's rubric set forth in<u>:  Philip versus University of Rochester</u> 316 F.3d 291 Second Circuit 2003.  This shall be the law of the case until the facts may prove otherwise;

2. With respect to the sufficiency of the Complaint as to the Plaintiff's Section 1985 Claim:  As Plaintiff intends to proceed under Section 1985(3):  We withdraw the 12(b)(6) request to dismiss this cause of action with the proviso that albeit the pleadings are prima facie sufficient and as argued by Counsel – the Section 1981 "equal benefits" claim could form a prerequisite basis for bringing a Section 1985(3) Claim – both the 1981 Claim and the use of any alleged State Law violation claim to underpin the 1985(3) claim – the facts of such state law claim must touch upon a federally protected right. Under the Supreme Court holding in <u>Griffin vs. Breckenridge</u> 403 U.S. 88 (1971) we concede that Section 1985(3) may be applied to private actors but reserve our rights as subject to the Court's permission,pending fact discovery, to move to dismiss these claims on facts as may be adduced that do no touch upon a federal right which we believe is a requirement for private actor liability under Section 1985(3);

3. With respect to Plaintiff's withdrawal of her New York State HR Section 296 claims. We agree.

4. With respect to the Court's and Plaintiff's analysis of Plaintiff's New York State HR Section HR 40 violation claims: Such claims rest primarily on the facts as they may be adduced through discovery in this case. While we would assert that these claims are subject to dismissal as per the facts – the claims are so fact based and that given that the Section 1981 "equal benefits" claim underpinning the Section 1985(3) claims will survive Rule 12(b)(6) motion practice; that the dismissal of this claim may be held in abeyance pending fact discovery and subject to Rule 56 motion practice as may be warranted.

As this analysis is based upon the 'four corners of the complaint' – the Gotti defendants reiterate that despite the pleadings, the subject altercation as captured on video and on police body camera footage presents a diametrically opposed view of the fact pattern underpinning the complaint. As stated on the record and at this point, motions against the pleadings will not alter the scope of discovery – that the case be referred to discovery.

We further await any further analysis from the Court or from Plaintiff's counsel.

Very Truly Yours,
/s/ *Patrick C. Carroll, Esq.*

Patrick C. Carroll, Esq.